OPINION
Roy S. Cracraft filed this action in mandamus seeking a writ which compels the Industrial Commission of Ohio ("commission") to vacate its order denying him permanent total disability ("PTD") compensation and which compels the commission to enter a new order granting the compensation.
In accord with Loc.R. 12(M), the case was referred to a magistrate to conduct appropriate proceedings. The parties stipulated the pertinent evidence and filed briefs. The magistrate then issued a magistrate's decision which contains detailed findings of fact and conclusions of law. The magistrate's decision includes a recommendation that we deny the requested writ.
Counsel for Mr. Cracraft has filed objections to the magistrate's decision. Counsel for the commission has filed a memorandum in response. The case is now before the court for a full, independent review.
On March 27, 1990, Roy Cracraft was working as a laborer for International Trailer Corp., Inc. The work he performed involved heavy labor. The evidence before us indicates that all of Mr. Cracraft's employment has been in occupations which required heavy labor. The injuries sustained by Mr. Cracraft on March 27, 1990 have made it impossible for him to do such work now or at any time in the future.
Mr. Cracraft's industrial claim has been allowed for "sprain lumbar; sprain lumbosacral; lumbar disc displacement; lumbosacral neuritis; lumbago; [and] chronic pain disorder." He has had two surgeries in an attempt to improve his medical condition.
The condition "chronic pain disorder" was diagnosed by Kenneth J. Manges, Ph.D. in 1996. In October 1997, Marguerite M. Blythe, M.D., also diagnosed a "pain disorder" while examining Mr. Cracraft on behalf of the Ohio Bureau of Workers' Compensation ("BWC"). Both Dr. Manges and Dr. Blythe noted "low average intelligence" for Mr. Cracraft.
In November of 1997, Mr. Cracraft filed an application for PTD compensation. As a result of the application, he was examined by commission specialist Kenneth R. Hanington, M.D., who is an orthopedic surgeon. Dr. Hanington found that Mr. Cracraft is medically incapable of his former employment. Dr. Hanington also reported that Mr. Cracraft was capable of light duty work. Dr. Hanington reported that Mr. Cracraft can sit for "0-3 HRS," stand for "3-5 HRS," and walk for "3-5 HRS." Dr. Hanington indicted that Mr. Cracraft can lift or carry ten to twenty pounds for "3-5 HRS."
On July 17, 1998, Mr. Cracraft was examined by Lee Howard, Ph.D., at the request of the commission. Dr. Howard viewed his responsibility as being to evaluate the intent of any psychological conditions "as it would relate to the industrial accident in question."
Dr. Howard reported that Mr. Cracraft:
 * * * does not experience any type of psychological or psychiatric condition and/or limitation. He could perform at his pre-accident levels * * *.
At the same time, Dr. Howard reported that the testing done yields results "* * * consistent with long term or chronic personality limitations, limited psychological resources, and/or limited psychological defenses. * * * The somewhat limited mental status results appear to be more secondary to pre-existing/unrelated educational/intellectual limitations as opposed to a function of post accident psychopathology."
These findings are consistent with Mr. Cracraft's limited educational background and functioning. Mr. Cracraft quit school in the ninth grade after having repeated first and second grades. Other testing indicates that his math skills are second grade level. Reasoning and math skills were third to fifth grade level.
The commission, in denying PTD compensation for Mr. Cracraft, based its findings upon the reports of Dr. Howard and Dr. Hanington and an employability assessment report from James Albrink, C.R.C. The staff hearing officer found no special training or special vocational skills. The order acknowledges that Mr. Cracraft is functionally illiterate and that the file contained no evidence of intelligence testing.
Since Mr. Cracraft has no ability to return to the heavy labor which constitutes his entire employment history, the key question is and has been whether he can acquire new skills enabling him to pursue new employment. Dr. Howard really did not address this question in his report. The staff hearing officer acknowledged gaps in the information available which would help answer the question. The evidence simply does not inform us or the staff hearing officer how limited Mr. Cracraft's limited intelligence might be. The fact that Mr. Cracraft could obtain employment in times past despite his limitations does not provide helpful information. In times past, he could use his youth and strength to enable him to do heavy labor. Now he is middle-aged and he has a bad back. His intellectual capability is now much more important to his employment potential.
Under the circumstances, additional information and additional analysis is required. Mr. Cracraft has too many negative Stephenson factors hindering his employment potential to simply rely upon his age and the fact he has a history of employment as determinative of his potential for future employment.
We further note that Dr. Howard seems to reject chronic pain disorder as an allowed or allowable condition. To Dr. Howard, chronic pain disorder seems to be nothing but an hypothetical explanation for pain which is described as more intense than the objective medical findings support. To quote from Dr. Howard's report:
 Please note that a "chronic pain syndrome" is not an actual psychological or psychiatric diagnosis. It is not found in DSMIV and the BWC has previously published a position paper indicating that this should not be made an allowance in claims. It is without any specific contemporary definition. The closest DSMIV correlate would simply be a pain disorder, but this diagnosis is used when a psychological interpretation for pain complaints is needed due to an absence of a physical interpretation for pain complaints. * * *
We, therefore, sustain the objections to the magistrate's decision. We adopt the findings of fact contained in the magistrate's decision but not the conclusions of law. We issue a limited writ of mandamus compelling the commission to vacate its order denying PTD compensation and compelling the commission to conduct additional analysis of Mr. Cracraft's ability to acquire the skills necessary for him to obtain new employment consistent with his medical limitations.
 ______________________ JUDGE TYACK
 Objections sustained; limited writ granted.
BRYANT, J., and BOWMAN, P.J., concur.